UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-00972-TBR

UNITED STATES OF AMERICA                                                                         Plaintiff,

v.

ARMALITE, MODEL AR-18, 5.56mm CALIBER RIFLE,
SERIAL NUMBER: S3731, and
MODEL M-2 TYPE, .50 BMG CALIBER RIFLE,
SERIAL NUMBER: 1146433                                                  Defendants.

## MEMORANDUM OPINION

This matter comes before the Court upon the Government's Motion for Summary Judgment Against George Dodson. (Docket No. 10.) Dodson, who attempted to file a claim in this *in rem* action, has not responded, and the time to do so has elapsed. Accordingly, this matter is ripe for adjudication. For the reasons enumerated below, the Court will GRANT the Government's Motion.

### Background

In this civil forfeiture action, the Government seeks to forfeit and condemn to the use and benefit of the United States of America the two defendant firearms: Armalite, Model AR-18, 5.56mm caliber rifle, serial number: S3731; and a Model M2-type, .50 BMG caliber rifle, serial number: 1146433. (Docket No. 1 at 1.)

These firearms were found in a storage unit rented to Dodson in Louisville, Kentucky. When Dodson failed to pay rent on the unit for over three months, his contract with J-Town Village Office and Storage deemed the property inside the unit abandoned. The storage company contacted the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") regarding the abandoned firearms, and on February 20, 2013, agents seized such property pursuant to the National Firearms Act, 26 U.S.C. §5801 *et seq*. (Docket No. 1 at 2.)

On June 27, 2013, the ATF Firearms Technology Branch tested the firearms and concluded that they constituted machine guns according to 26 U.S.C. § 5845(a)(6) and (b). Each is subject to registration under the National Firearms Act. 26 U.S.C. § 5841, 5845(b). However, neither firearm is registered in the National Firearms Registration and Transfer Record ("NFRTR").

In October 2013, the Government filed an *in rem* action against the defendant firearms and moved the Court to issue a warrant for their arrest and seizure. (Docket No. 1 at 4.) On January 16, 2014, the Court entered the arrest warrant. On January 21, 2014, the Government sent direct notice of the Government's forfeiture action to Dodson via certified mail. (Docket Nos. 3, 4.) The notice advised Dodson as follows:

> Any person who assert an interest in the defendant property may contest the forfeiture by filling a claim in the United States District Court, Western District of Kentucky, 600 W. Broadway, Louisville, KY 404202, under case UNITED STATES OF AMERICA VS. ARMALITE, MODEL AR-18, 5.56mm CALIBER RIFLE, ETL AL., within **35** days of the aforementioned date.
>
> In accordance with Rule G(5)(i)(a) of the Supplemental Rules, "[t]he claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under rule G(4)(a)(ii)(C) or (b)(ii)(D)."
>
> Additionally, a claimant must serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within **21** days after filing the claim. Rule 12 and Supplemental Rule G(5)(b). Failure to strictly comply with the Supplemental Rules and the Federal Rules of Civil Procedure may result in your claim being dismissed.
>
> Claims and Answers are to be filed with the Clerk, United States District Court, named above, with a copy thereof sent to Assistant United States Attorney, Amy M. Sullivan, 717 W. Broadway, Louisville, Kentucky 40202.

(Docket No. 4-1 at 2.)

Based on the timeframe set forth by the Notice, Dodson's claim was due by February 28, 2014, and his answer by March 21, 2014. Dodson instead filed several letters acknowledging his late response,

2

requesting the appointment of a public defender, and levying a number of accusations, varying in relevance, against the Government. (*See* Docket Nos. 7, 8, 9, and 11.) Among Dodson's claims is that one of the guns was a "dummy item, made of legal scrap parts" and is not subject to the National Firearms Act. (Docket No. 9 at 1.) However, Dodson has not filed a claim sworn under penalty of perjury, nor has he filed an answer.

**Legal Standard**

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; he must present evidence on which the trier of fact could reasonably find for him. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

## Analysis

The Court will first address the Government's burden of proof necessary to sustain the forfeiture at issue. 18 U.S.C. § 3051(c)(1) provides:

> Except as provided in paragraphs (2) and (3), and except to the extent that such provisions conflict with the provisions of section 983 of title 18, United States Code, insofar as section 983 applies, the provisions of the Customs laws relating to—
>
> (A) the seizure, summary and judicial forfeiture, and condemnation of property;
> (B) the disposition of such property;
> (C) the remission or mitigation of such forfeiture; and
> (D) the compromise of claims,
>
> shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any applicable provision of law enforced or administered by the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

The Customs laws governing forfeitures, 19 U.S.C. §§ 1602-1631, provide that where a person whose property has been seized for forfeiture wishes to contest the seizure, he must first file a claim of ownership of property. 19 U.S.C. § 1608. The Government must then initiate a civil judicial forfeiture action. § 1604. The Government bears the burden of establishing probable cause to believe that the property was used in violation of the law. The Government may rely upon an affidavit that contains hearsay in support of its motion for summary judgment. *See United States v. Broadening-Info Enters., Inc.*, 462 Fed. Appx. 93, 96 (2d Cir. 2012) (explaining that "the ordinary requirement that affidavits submitted in support of a party's motion for summary judgment be based upon personal knowledge and admissible evidence does not apply under the pre-CAFRA[1] evidentiary framework applicable here" and

---

[1] The Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. §983 *et seq.*, ("CAFRA") requires the Government to prove by a preponderance of the evidence that the property is subject to forfeiture in most civil forfeiture proceedings. § 983(c)(1). Although CAFRA provides that "a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property" shall be governed by CAFRA's burden of proof requirements, § 983(c)(1), it specifies limited exceptions. The law states that "'civil forfeiture statute' . . . (2) does not include-- . . . (B) the Internal Revenue Code of 1986." § 983(i). Here, the National Firearms Act provision under which this forfeiture was initiated, 26 U.S.C. § 5872, is contained in Title 26, the Internal Revenue Code of 1986.

Accordingly, CAFRA does not dictate the applicable burden of proof. *See United States v. One TRW, Model M14, 7.62 Caliber Rifle,* 441 F.3d 416, 418 (6th Cir. 2006) (explaining the limited application of CAFRA in such cases);

permitting the Government to establish probable cause through hearsay affidavits "so long as the information contained therein is reliable.").

The burden then shifts to the claimant to prove by a preponderance of evidence that the item was seized improperly. § 1615; *Any & All Radio Station Transmission Equip.*, 218 F.3d 543, 547 (6th Cir. 2000). If the claimant offers evidence to satisfy this standard, the Government may offer "probative admissible evidence to contest the claimant's proof." *United States v. One TRW, Model M14, 7.62 Caliber Rifle*, 294 F. Supp. 2d 896, 899 (E.D. Ky. 2003) (quoting *United States v. $129,727.00 U.S. Currency*, 129 F.3d 486, 492 (9th Cir. 1997)). But should the claimant fail to rebut the Government's showing, the property is forfeited. *United States v. One TRW, Model M14, 7.62 Caliber Rifle,* 441 F.3d 416, 419 (6th Cir. 2006).

To establish probable cause, the Government must prove the existence of reasonable grounds "supported by less than *prima facie* proof but more than mere suspicion" supporting the proposition that the property is subject to forfeiture. *United States v. Rural Route 1, Box 137-B*, 24 F.3d 845, 848 (6th Cir. 1994). The existence of probable cause is a question of law for the Court to decide. If the Government's evidence is sufficient to establish probable cause, and no issue of material fact remains, summary judgment on the probable cause is warranted. *Id.* (citations omitted). That is, once the Government satisfies its initial showing of probable cause, the Claimant must set forth facts showing that the facts constituting probable cause did not exist. *Id.*

Here, the Government must show here that it has probable cause to believe that Dodson possessed the defendant firearms in violation of the National Firearms Act. The alleged violation is the possession of unregistered machine guns. The Government therefore bears the burden of proving that (1) the property qualifies as machine guns under the National Firearms Act, and (2) the property was

---

*United States v. One Harrington & Richardson Rifle, Model M-14, 7.62 Caliber Serial No. 85279*, 378 F.3d 533 (6th Cir. 2004) (order) (applying the pre-CAFRA burden-of-proof standard to a forfeiture pursuant to the National Firearms Act).

5

possessed by Dodson and was not registered to him under the NFRTR. *See U.S. v. One Harrington and Richardson Rifle, Model M-14, 7.62 Caliber, Serial No. 85279*, 278 F. Supp. 2d 888 (W.D. Mich. 2003).

The procedural defects of Dodson's filings notwithstanding, the Government has satisfied its showing of probable cause in both regards. The Government has presented evidence that both firearms at issue were appropriately classified as machineguns under the National Firearms Act.[2] The Government relies upon the affidavit of ATF Special Agent Kenneth M. Stengel, who averred that both weapons satisfied the statutory requirements. (Docket No. 10-2.) Although Dodson protests this conclusion, he has offered no evidence demonstrating otherwise.

Furthermore, a search of the NFRTR revealed that neither weapon was registered, providing probable cause for the ATF to believe that Dodson possessed a firearm in violation of 26 U.S.C. § 5861(d), which prohibits possession of an unregistered firearm.[3] Because they were involved in a violation of 26 U.S.C. Chapter 53, the firearms at issue are subject to forfeiture. *See* 26 U.S.C. § 5872(a) ("Any firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture.").

---

[2] 26 U.S.C. § 5845(b) defines a "machinegun" as

> any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

[3] "It shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d).

## CONCLUSION

For the foregoing reasons, the Court will GRANT the Government's Motion for Summary Judgment, (Docket No. 10). An appropriate Order will issue concurrently with this Opinion.